UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE RAND RAUCH,

        Petitioner,

   v.

THE WASHINGTON STATE
DEPARTMENT OF CORRECTIONS,

        Respondent.

Case No. C07-5548RJB-KLS

ORDER TO SHOW CAUSE

This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The Court, having reviewed petitioner's petition and the balance of the record, hereby finds and ORDERS:

On October 1, 2007,[1] petitioner filed an application to proceed *in forma pauperis* and a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #7). Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts reads in relevant part:

    If the applicant is presently in custody pursuant to the state judgment in question, the

---

[1] Although the petition was date stamped October 3, 2007, by the Clerk, and therefore was actually filed with this Court on that date, it was deposited in his prison's mailing system on October 1, 2007. (Dkt. #6). Thus, this is the date petitioner is deemed to have delivered it to prison authorities for forwarding to the Court. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("[F]ederal and state habeas petitions are deemed filed when the pro se prisoner delivers them to prison authorities for forwarding to the Clerk of the Court."). Accordingly, the date petitioner deposited his petition in the prison's mailing system shall be treated as the date he filed it with this Court.

ORDER
Page - 1

>application shall be in the form of a petition for a writ of habeas corpus in which the state officer having custody of the applicant shall be named as respondent.

A petitioner for *habeas corpus* relief, therefore, must name the state officer having custody of him or her as the respondent to the petition. This person typically is warden of the institution where the petitioner is incarcerated. Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994 (citations omitted).

Here, petitioner has named the Washington Department of Corrections as the respondent in this case. That state agency, however, is not the state officer, i.e., warden or superintendent, of the institution where petitioner is incarcerated. Accordingly, the Court shall not serve the petition on respondent. In addition, petitioner shall file by **no later than February 10, 2008**, an amended petition under 28 U.S.C. § 2254 naming the proper respondent, along with the appropriate number of copies of the amended petition for service.

The Clerk shall send a copy of this Order to petitioner.

DATED this 10th day of January, 2008.

Karen L. Strombom
United States Magistrate Judge