UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE RAND RAUCH,

    Petitioner,

v.

DAN PACHOLKE,

    Respondent.

Case No. C07-5548RJB-KLS

REPORT AND RECOMMENDATION

Noted for May 30, 2008

Petitioner is a state prisoner currently incarcerated at the Stafford Creek Corrections Center, located in Aberdeen, Washington. This matter is before the Court on petitioner's amended petition for writ of *habeas corpus* filed with this Court pursuant to 28 U.S.C. § 2254. (Dkt. #10). Respondent has answered the petition and filed the relevant state court records. (Dkt. #17-#19). After a careful review of the record, the undersigned submits the following report and recommendation, recommending that the Court deny the petition for failure to exhaust his state court remedies.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner was found guilty of the crime of child molestation in the first degree on May 4, 2004. Respondent's Submission of Relevant State Court Record ("Record"), Exhibit 1, p. 1 (Dkt. #19). He was sentenced to a minimum prison term of 130 months and a maximum prison term of life. Id. at p. 5. The Washington State Court of Appeals, Division II, summarized the relevant facts of this case as follows:

> The victim was R.R., the six-year-old daughter of Rauch's girlfriend, Carrie Moen. Moen left R.R. in Rauch's care one morning while she went to the grocery store. Sometime after she returned, R.R. told her that Rauch had touched her private

REPORT AND RECOMMENDATION
Page - 1

and had made her touch his private. She said afterward, he grabbed her neck and told her he would kill her if she told her mother. R.R. repeated this story in an interview with Clark County Sheriff's Detective Evelyn Oman. She also told Oman that Rauch's penis was "sticking straight out" and that "yellow and white" pee came out of it onto her hand. R.R. gave the same account to a pediatrician, Dr. John Stirling, adding only that she and Rauch were watching a movie when the touching happened. She said it was a movie in which a man was doing the same things to a kid that Rauch did to her. R.R. also testified similarly in court, except that she was uncertain about when she saw the movie, and when she reported the incident to her mother.
   Vancouver Police Officer Todd Schwartz arrested Rauch. He testified that Rauch admitted he had been alone with R.R. for some period of time during the morning in question, but he insisted that she had been asleep the entire time. Defense counsel agreed with the State that Rauch's statement specifically denying any misbehavior was self-serving and inadmissible. . . .

Id., Exhibit 2, pp. 1-2 (internal footnote omitted).

Petitioner filed a direct appeal of his conviction, which was denied by the Washington State Court of Appeals on July 6, 2005. Id., Exhibits #2-#4. On July 8, 2005, petitioner filed a motion for modification of that decision with the Court of Appeals, which denied the motion on September 7, 2005. Id., Exhibits #6-#7. Petitioner filed a motion for discretionary review of the Court of Appeals' decision with the Washington State Supreme Court on October 4, 2005, which was denied on May 31, 2006. Id., Exhibits #8-#9.

On July 5, 2006, the Washington State Court of Appeals issued its mandate, stating that its July 6, 2005 decision affirming petitioner's conviction became the final decision terminating review on May 31, 2006. Id., Exhibit #10. Petitioner filed a personal restraint petition with the Court of Appeals on October 17, 2006, which was denied on August 30, 2007. Id., Exhibit #11 and #15. The Court of Appeals issued its certificate of finality on January 22, 2008, stating that its August 30, 2007 decision became final on October 2, 2007. Id., Exhibit #16.

On October 3, 2007, petitioner filed his federal petition for writ of *habeas corpus* with this Court. (Dkt. #1-#7). In his petition, petitioner challenges the legality of his conviction, based on the following grounds for federal *habeas corpus* relief:

(1) "What was said to and by the Arresting Officer, as well as a letter I wrote to Carrie Moen, while I was in the Clark County jail was not allowed as evidence in my Defence [sic]. . . . if these would have been allowed it would have gone a long way in proving me innocent. [I]n the letter I told all the things in [R.R.'s] story that were obvious lies. Carrie gave the letter to the prosecuting attorney and then the story changed to cover all those areas."

(2) "[I]nadequate Counsill [sic] . . . it is obvious from the trial transcript and the Bad advise [sic] my lawyer gave me, that I should not Have put my faith in him

REPORT AND RECOMMENDATION
Page - 2

        Like I did.  He only came to see me 3 times for 5 min at a time in the 7 months Before my trial."

(3) "Not getting to testify in my own defence [sic] . . . if I would have gotten on the stand and testified in my own defence [sic] Like I wanted to, instead of letting my lawyer talk me out of it, the jury would have heard the truth, and I am shure [sic] there [sic] verdict would have been not guilty!  My lawyers whole defence [sic] was that I was mean to [R.R.].  [T]hat is why she made up the story.  But that was not the fact at all."

(4) "Being not guilty . . . I am the victim of an out and out Lie.  [I]f I would of [sic] had a desent [sic] lawyer, I am shure [sic] the truth would have come out.  I was convicted on pure speculation.  [T]here was not any Real evidence and that is because there wasn't any.  I am innocent of this Crime."

(Dkt. #10, pp. 6, 8-9, 11).[1]  In their answer to the petition, respondent argues that the grounds petitioner raises therein are unexhausted, and that he is procedurally barred from returning to state court to exhaust them.  For the reasons set forth below, the undersigned agrees.

## DISCUSSION

     The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus may not be implied or inferred.  A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

     It is not enough that all of the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. Duncan v. Henry, 513 U.S. 364, 366 (1995) (citing Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982)).  A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).  The petitioner

---

[1] These are actually the fifth, seventh, eighth and tenth pages of petitioner's petition.  However, on the petition form used by petitioner, those pages are numbered "Page 6," "Page 8," "Page 9," and "Page 11" respectively.  Thus, for the sake of clarity and consistency, the undersigned has used the page numbers that appear on the pages of the petition form itself.

"must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." Id.

The claim must be fairly presented in "each appropriate state court," that is, at each level of state review, so as to alert the state "to the federal nature of the claim," and to give it the "opportunity to pass upon and correct" alleged violations of the petitioner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); see also Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." Insyxiengmay, 403 F.3d at 668; Baldwin, 541 U.S. at 33.

Petitioner has not presented his grounds for *habeas corpus* relief as federal claims to each level of state review as required. In the direct appeal of petitioner's conviction to the Washington State Court of Appeals, petitioner's counsel did appear to present the first sub-claim of the first ground of federal *habeas corpus* relief now being raised by petitioner. That is, petitioner's counsel argued the trial court erred in not allowing what petitioner had said to his arresting officer, and specifically referenced federal case law and, more particularly, the Sixth Amendment in doing so. Record, Exhibit 3, pp. 7-10. The second sub-claim of the first ground for federal *habeas corpus* relief regarding the letter petitioner states he wrote to Carrie Moen, however, was not raised by petitioner's counsel, nor were any of the other claims contained in the other three grounds.

Petitioner also submitted as part of his direct appeal his own statement of additional grounds for review. Record, Exhibit 4. While he did raise claims substantially similar the claims contained in his third and fourth grounds for federal *habeas corpus* relief, petitioner did not raise those presented by his second ground. In addition, petitioner cited to no federal legal authority, or to any state authority for that matter, in support of his statement's additional claims.

The motion for modification of the Washington State Court of Appeals denial of petitioner's direct appeal filed by petitioner's counsel did not set forth any additional federal legal authority as well. Record, Exhibit 6. In petitioner's motion for discretionary review he filed with the Washington State Supreme Court, the claims contained in his second ground for federal *habeas corpus* relief were set forth therein, but again they were not presented to the Court of Appeals. Record, Exhibit 8, pp. 2-3. Nor, again, did

REPORT AND RECOMMENDATION
Page - 4

petitioner cite to any case law, state or federal, or to any federal constitutional provisions. Id.

In the personal restraint petition petitioner filed with the Washington State Court of Appeals, he presented the claims contained in the first and third grounds for federal *habeas corpus*, relief, but once more did not cite to any legal authority in support thereof. Record, Exhibit 11, pp. 3-4.  None of the claims in his other two grounds for federal *habeas corpus* relief, however, or any legal authority therefor, were presented therein.  Petitioner did raise the claims contained in his fourth ground for federal *habeas corpus* relief in his reply brief, but still cited to no federal legal authority for that or his other claims. Record, Exhibit 14, p. 1.  As such, it appears that petitioner has not provided the full factual and legal basis for his federal claims to each appropriate level of state court review.

A *habeas corpus* claim is barred from federal review if the petitioner has failed to exhaust state remedies and the state's highest court would now find the claim to be procedurally barred. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).  To give litigants "a fair opportunity to comply with known procedural rules, the controlling state procedural bar is the one in place at the time the claim should have been raised." Calderon v. U.S. District Court for the Eastern District of California, 103 F.3d 72, 75 (9th Cir. 1996).  Thus, "[o]nly if the bar is 'firmly established and regularly followed' at that time will it serve as an adequate ground to foreclose federal review." Id.

Since 1989, Washington has had a one-year period of limitation within which a conviction or sentence may be collaterally attacked:

> No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

RCW 10.73.090(1).  Although Washington state law also provides six statutory exceptions to the above time limit, none of those exceptions apply in this case. See RCW 10.73.100.  The Washington State Court of Appeals, as noted above, issued its mandate on July 5, 2006, stating that its July 6, 2005 decision affirming petitioner's conviction became the final decision terminating review on May 31, 2006. Record, Exhibit #10. See RCW 10.73.090(3) (judgment becomes final date that appellate court issues its mandate disposing of timely direct appeal from conviction).  Accordingly, more than one year has passed since the judgment in petitioner's conviction became final.

Only if petitioner "can demonstrate cause for the default and actual prejudice as a result of the

REPORT AND RECOMMENDATION
Page - 5

1    alleged violation of federal law, or demonstrate that failure to consider the claims will result in a
2    fundamental miscarriage of justice," will he be entitled to federal *habeas corpus* review. See Boyd v.
3    Thompson, 147 F.3d 1124, 1126 (9th Cir. 1998) (citing Coleman, 501 U.S. at 750).

4          To satisfy the "cause" prong, petitioner must show that "some objective factor external to the
5    defense" prevented him from complying with the state's procedural rule. McCleskey v. Zant, 499 U.S.
6    467, 493 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Objective factors constituting
7    "cause" include "interference by officials" making compliance with the procedural rule impracticable, as
8    well as "a showing that the factual or legal basis" for the claims "was not reasonably available." Id. at
9    493-94 (internal quotes omitted). Constitutionally ineffective assistance of counsel also constitutes cause,
10   but any attorney error short of that will not excuse procedural default. Id. at 494.

11         The mere fact that a petitioner is *pro se* or lacks knowledge of the law, furthermore, is insufficient
12   to satisfy the cause prong. That is, "[w]hen a pro se petitioner is able to apply for post-conviction relief to
13   a state court, the petitioner must be held accountable for failure to timely pursue his remedy to the state
14   supreme court." Hughes v. Idaho State Board Of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (finding
15   petitioner's claims of illiteracy and lack of help in appealing post-conviction petition, though unfortunate,
16   to be insufficient to meet cause standard); Boyd, 147 F.3d at 1126-27.

17         Once a petitioner establishes cause, he must show "'actual prejudice' resulting from the errors of
18   which he complains." Id. (quoting United States v. Frady, 456 U.S. 152, 168 (1982)). Such prejudice
19   exists if the alleged errors worked to the petitioner's "*actual* and substantial disadvantage, infecting his
20   entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170 (emphasis in original). In the
21   alternative, a *habeas corpus* petition may be granted without a showing of cause in those "extraordinary
22   instances when a constitutional violation probably has caused the conviction of one innocent of the
23   crime." McCleskey, 499 U.S. at 494; Murray, 477 U.S. at 495-96 (in extraordinary case, where
24   constitutional violation has probably resulted in conviction of one who is actually innocent, federal
25   *habeas* court may grant petition even in absence of showing of cause).

26         Here, petitioner makes no showing that some objective factor external to his defense prevented
27   him from complying with Washington's procedural bar rule. Because petitioner "cannot establish any
28   reason, external to him, to excuse his procedural default," this Court need not address the issue of actual

prejudice. Boyd, 147 F.3d at 1127; Thomas v. Lewis, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991) (finding of lack of cause eliminates court's need to discuss whether petitioner was prejudiced).  Furthermore, while petitioner is alleging that he is actually innocent, this bare general allegation is insufficient to establish that this is not the kind of extraordinary instance where the petition should be granted despite the absence of a showing of cause. McCleskey, 499 U.S. at 494; Murray, 477 U.S. at 495-96.

## CONCLUSION

Because it appears that petitioner has failed to exhaust all of his state court remedies, the Court should deny the petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **May 30, 2008**, as noted in the caption.

DATED this 6th day of May, 2008.

Karen L. Strombom
United States Magistrate Judge