1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE RAND RAUCH,

                          Petitioner,

          v.

DAN PACHOLKE,

                          Respondent.

Case No.  C07-5548RJB-KLS

ORDER DENYING PETITION
FOR WRIT OF HABEAS
CORPUS

This matter comes before the court on the Report and Recommendation of the magistrate judge. Dkt. 21. The court has considered the relevant documents, including petitioner's objections (Dkt. 22), and the remainder of the file herein.

FACTUAL AND PROCEDURAL HISTORY

Petitioner was found guilty of the crime of child molestation in the first degree on May 4, 2004. Dkt. 19, Exh. 1, at 1. He was sentenced to a minimum prison term of 130 months and a maximum prison term of life. *Id.* at 5.

The Washington Court of Appeals  summarized the relevant facts of this case as follows:

The victim was R.R., the six-year-old daughter of Rauch's girlfriend, Carrie Moen. Moen left R.R. in Rauch's care one morning while she went to the grocery store. Sometime after she returned, R.R. told her that Rauch had touched her private and had made her touch his private. She said afterward, he grabbed her neck and told her he would kill her if she told her mother. R.R. repeated this story in an interview with Clark County Sheriff's Detective Evelyn Oman. She also told Oman that Rauch's penis was "sticking straight out" and that "yellow and white" pee came out of it onto her hand. R.R. gave the same account to a pediatrician, Dr. John Stirling, adding only that she and Rauch were watching a movie when the touching happened. She said it was a movie in which a man was doing the same things to a kid that Rauch did to her.

R.R. also testified similarly in court, except that she was uncertain about when she saw the movie, and when she reported the incident to her mother. Vancouver Police Officer Todd Schwartz arrested Rauch. He testified that Rauch admitted he had been alone with R.R. for some period of time during the morning in question, but he insisted that she had been asleep the entire time. Defense counsel agreed with the State that Rauch's statement specifically denying any misbehavior was self-serving and inadmissible. . . .

Dkt. 19, Exh. 2, at 1-2 (internal footnote omitted).

On October 3, 2007, petitioner filed a petition for writ of habeas corpus. On January 29, 2008, petitioner filed an amended , raising the following grounds for relief:

(1) "What was said to and by the Arresting Officer, as well as a letter I wrote to Carrie Moen, while I was in the Clark County jail was not allowed as evidence in my Defence [sic]. . . . if these would have been allowed it would have gone a long way in proving me innocent. [I]n the letter I told all the things in [R.R.'s] story that were obvious lies. Carrie gave the letter to the prosecuting attorney and then the story changed to cover all those areas."

(2) "[I]nadequate Counsill [sic] . . . it is obvious from the trial transcript and the Bad advise [sic] my lawyer gave me, that I should not Have put my faith in him Like I did. He only came to see me 3 times for 5 min at a time in the 7 months Before my trial."
 (3) "Not getting to testify in my own defence [sic] . . . if I would have gotten on the stand and testified in my own defence [sic] Like I wanted to, instead of letting my lawyer talk me out of it, the jury would have heard the truth, and I am shure [sic] there [sic] verdict would have been not guilty! My lawyers whole defence [sic] was that I was mean to [R.R.]. [T]hat is why she made up the story. But that was not the fact at all."

(4) "Being not guilty . . . I am the victim of an out and out Lie. [I]f I would of [sic] had a desent [sic] lawyer, I am shure [sic] the truth would have come out. I was convicted on pure speculation. [T]here was not any Real evidence and that is because there wasn't any. I am innocent of this Crime."

Dkt. 10, pp. 6, 8-9, 11.

On May 6, 2008, U.S. Magistrate Judge Karen L. Strombom issued a Report and Recommendation, recommending that the petition be dismissed as unexhausted and procedurally barred. Dkt. 21.

DISCUSSION

**1. Exhaustion**

The court concurs with the magistrate judge that petitioner's claims are unexhausted and procedurally barred. In his motion for discretionary review to the Washington Supreme Court in his direct appeal, petitioner presented only factual statements, and did not cite to or allege a violation of federal law. Further, he did not present issues raised in his personal restraint petition to the Washington Supreme Court because he did not appeal the Washington Court of Appeals decision denying the personal restraint petition.

ORDER
Page - 2

**2. Review of Claims on the Merits**

In the event that petitioner can establish that his claims were exhausted in state court, the court has reviewed the claims on the merits.

*Legal Standard*

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. §2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. §2254(e)(1).

*Claim 1:  Statements to Arresting Officer and Admission of Letter*

Petitioner contends that statements he made to the arresting officer and a letter he wrote to the victim's mother, both of which included statements that denied the crime, should have been admitted at trial.

Habeas relief is unavailable for error in the interpretation or application of state evidentiary rules. *Estelle v. McGuire*, 112 S.Ct. 375 (1991); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985).  In order to obtain habeas relief for a violation of state evidence rules, a petitioner must affirmatively demonstrate that the admission of the questioned evidence rendered the trial so fundamentally unfair as to violate federal due process.  *Butcher v. Marquez*, 758 F.2d 373, 378 (9th Cir. 1985).

In affirming petitioner's conviction, the Commissioner of the Washington Court of Appeals held,

"the out-of-court statements of a non-testifying party are not admissible as an exception to the hearsay rule when they are self-serving." Dkt. 19, Exh. 2, at 3 (citing *State v. Stubsjoen*, 48 Wn. App. 139, 147, *review denied*, 108 Wn.2d 1033 (1987); *State v. Huff*, 3 Wn. App. 32, 636 (1970), *review denied*, 79 W.2d 1004 (1971)).  The federal court defers to the state court's interpretation of its own evidentiary rules.  Further, the Court of Appeals concluded that denial of the allegations was implicit in petitioner's assertion that the victim was asleep during the time he was alone with her.  *Id*. at 3.  This conclusion was supported by the record.  *See* Dkt. 19, at 169, testimony of Officer Schwartz ("after I told him why I was there and why he was under arrest, he told me that those allegations were false, that during the time in question in the morning hours between about 9 and 10:00, he was alone with R*** R*** in the residence but that she was sleeping that whole time.").  Petitioner has not shown that the Washington state court decisions rejecting this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  The claim does not warrant habeas relief.

*Claim 2:  Ineffective Assistance of Counsel*

Petitioner claims that he received ineffective assistance of counsel, based upon the trial transcript and the brief time counsel saw him before trial.  The court will restrict review of this claim to issues petitioner arguably raised in state court.  The court has reviewed the entire record in this case.

*Legal Standard*.  In order to establish ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that the deficient performance affected the result of the proceeding.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Strickland*, 466 U.S. at 689.  In order to demonstrate prejudice, the defendant must show there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different.  *Strickland*, 466 U.S. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *United States v. Bagley*, 473 U.S. 667, 682 (1985).

Under the first prong of the *Strickland* test, the question is whether counsel's assistance was reasonable under the totality of the circumstances, viewed as of the time of counsel's conduct.  *Strickland*,

466 U.S. at 690.  To succeed under the first prong, the petitioner must show the attorney's conduct reflects a failure to exercise the skill, judgment, or diligence of a reasonably competent attorney. *United States v. Vincent*, 758 F.2d 379, 381 (9th Cir.), *cert. denied*, 474 U.S. 838 (1985).  Under the second prong, the petitioner must demonstrate prejudice, that but for counsel's unprofessional errors, the result would have been different. *Strickland*, 566 U.S. at 694.  however, sheer outcome determination is not sufficient to make out a Sixth Amendment violation; a proper prejudice inquiry focuses on whether counsel's errors or omissions rendered the proceeding fundamentally unfair or the result unreliable. *Lockhart v. Fretwell*, 113 S.C. 838, 842-44 (1993).

*Issues Raised in State Court.*  Petitioner raised some issues regarding ineffective assistance of counsel in his direct appeal and in his personal restraint proceedings, including that (1) he was convicted on nothing more than lies and contradictions; (2) counsel talked petitioner out of testifying; and (3) counsel did not want to cross examine the mother in order to establish unspecified discrepancies in the victim's testimony.  The State courts rejected these claims.

*Lies and Contradictions.*  The Court of Appeals rejected this claim on direct appeal, concluding that petitioner's counsel pointed out the contradictions, and that it was the jury's prerogative to make credibility determinations.  Dkt. 19, Exh. 2, at 3.

It is the province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts by assuming that the jury resolved all conflicts in a manner that supports the verdict. *Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir.1995).  The jury resolved the credibility in favor of the victim, the victim's mother, Detective Oman, and Dr. Stirling.  Each of these witnesses was cross examined by plaintiff's counsel.  Petitioner's claim of ineffective assistance of counsel is without merit.

*Decision to Testify.*  In his personal restraint proceedings, the Court of Appeals rejected this claim because it was a bare assertion that counsel prevented him from testifying; that counsel told the trial court that he had told petitioner that only petitioner could decide whether to testify and the petitioner had decided not to do so; and that the trial court addressed petitioner directly and petitioner agreed with his counsel.  Dkt. 19, Exh. 15, at 2.

In determining whether counsel's representation fell below an objective standard of reasonableness,

the reviewing court will defer to counsel's strategic decision to present, or to forgo, a particular defense theory when the decision falls within the wide range of professionally competent assistance. *Strickland*, 466 U.S. at 689; *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995); *United States v. Layton*, 855 F.2d 1388, 1419-20 (9th Cir. 1988), *cert. denied* 489 U.S. 1046 (1989; *Campbell v. Kincheloe*, 829 F.2d 1453, 1462 (9th Cir. 1987), *cert. denied* 488 U.S. 948 (1988).

 Petitioner has not shown that his counsel prevented him from testifying.  The record supports the conclusion of the Court of Appeals. Dkt. 19, Exh. 19, at 212-213.  At the most, petitioner has shown that the advice given to him by his counsel was a strategic decision. This does not constitute ineffective assistance of counsel.

     *Cross Examination of Victim's Mother*.  Petitioner claimed that his counsel was hesitant to cross examine the victim's mother to establish unspecified discrepancies.  The Court of Appeals rejected this claim in the personal restraint proceedings, concluding that petitioner failed to allege specific facts entitling him to relief, and that, in any event, petitioner's counsel did cross examine her.  Dkt. 19, Exh. 15, at 2-3. The record supports the conclusion of the Court of Appeals.  Dkt. 19, Exh. 18, at 102, *et seq*.

     Petitioner has not shown that the Washington state court decisions rejecting this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  The claim does not warrant habeas relief.

*Claim 3:  Right to Testify*

     Petitioner claims that his counsel talked him out of testifying in his own defense. Petitioner contends that, had he testified to the truth, he is sure that he would have been found not guilty. The ineffective assistance of counsel claim based upon petitioner's right to testify is discussed above.

     To the extent that petitioner claims he was prevented from testifying in his own defense, the claim is without merit.

     The defendant's right to testify is protected by the due process clause; it is also protected by the Sixth Amendment and is a corollary to the Fifth Amendment guarantee against self-incrimination. *Rock v. Arkansas*, 483 U.S. 44, 51-52 (1987). It is a fundamental right, and only the defendant is empowered to

1   waive it. *See Wainwright v. Sykes,* 433 U.S. 72, 93 n. 1 (1977).  A defendant waives the right to testify

2   either by making an express statement or by remaining silent. *United States v. Nohara*, 3 F.3d 1239, 1243-

3   44 (9th Cir. 1993); *United States v. Edwards*, 897 F.2d 445 (9th Cir. 1990).  As noted above, the trial

4   court questioned both petitioner's counsel and petitioner regarding petitioner's waiver of the right to

5   testify, and petitioner waived that right.  Dkt. 19, Exh. 19, at 212-13.  This claim is without merit.

6                          *Claim 4:  Insufficient Evidence and Actual Innocence*

7            Petitioner claims that he is a victim of a lie; that he was convicted on pure speculation; and that he

8   is innocent of the crime.

9            The Court of Appeals rejected this claim in petitioner's personal restraint petition, noting that the

10  claim appears to be based upon insufficient evidence to convict.  Dkt. 19, Exh. 15, at 3.

11           Evidence is sufficient to support a criminal conviction if the record reasonably supports a finding of

12  guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 320 (1979).  The question is whether,

13  after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could

14  have found the essential elements of the crime beyond a reasonable doubt. *Id., citing Johnson v.*

15  *Louisiana*, 406 U.S. 356, 362 (1972).  The victim testified to the facts of the crime.  The victims' mother,

16  Officer Oman, and Dr. Stirling's testimony corroborated the victim's testimony.  Although petitioner's

17  counsel cross examined each of these witnesses, the jury apparently believed the victim, her mother, Officer

18  Oman and Dr. Stirling.  Viewing the evidence in the light most favorable to the prosecution, a rational trier

19  of fact could have found the essential elements of the crime beyond a reasonable doubt.  Petitioner has not

20  shown that the Washington state court decisions rejecting this claim resulted in a decision that was

21  contrary to, or involved an unreasonable application of, clearly established federal law, as determined by

22  the Supreme Court; or resulted in a decision that was based on an unreasonable determination of the facts

23  in light of the evidence presented to the state courts.  The claim does not warrant habeas relief.

24           To the extent that this claim is based upon a freestanding claim of actual innocence, the claim does

25  not warrant habeas relief.  Claims of actual innocence based on newly discovered evidence have never been

26  held to state a ground for federal habeas relief absent an independent constitutional violation occurring in

27  the underlying state criminal proceeding. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Federal habeas

28  review is limited to claims of constitutional violations occurring in the course of the underlying state

ORDER
Page - 7

criminal proceeding.  *Id.* at 416-17.  "[T]he existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus."  *Townsend v. Sain*, 372 U.S. 293, 317 (1963); see also *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).  Petitioner's claim of actual innocence is not based upon clearly established federal law, and fails to state a basis for relief under 28 U.S.C. § 2254(d).

### 3. Conclusion

Petitioner did not exhaust his habeas corpus claims in state court.  In the alternative, even if it can be argued the he exhausted these claims, a review of the record shows that the claims are without merit. Petitioner's petition for writ of habeas corpus should be denied.

Therefore, it is hereby

**ORDERED** that the petition for writ of habeas corpus is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 6th day of June, 2008.

Robert J Bryan
United States District Judge